IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


GLENN A. HEATH,

                    Plaintiff,

          v.                        CASE NO.  11-3142-SAC

STATE OF KANSAS,
et al.,

                    Defendants.

<u>MEMORANDUM AND ORDER</u>

    This matter was filed pro se as a civil rights action pursuant
to 42 U.S.C. § 1983 by a Kansas inmate.  It is before the court for
screening of plaintiff's Second Amended Complaint (Doc. 7) and his
motions to proceed without prepayment of fees (Docs. 2 & 6).  The
court finds that plaintiff's claims are essentially habeas in nature
and that he has not shown exhaustion of state remedies.  The court
also finds that, to the extent plaintiff may be held to have raised
any claims cognizable under § 1983, his allegations fail to state a
plausible federal constitutional violation.  Accordingly, this
action is dismissed without prejudice.


<u>MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES IS GRANTED</u>

    Plaintiff has paid the initial partial filing fee assessed in
this case.  As plaintiff was already informed, pursuant to 28 U.S.C.
§ 1915(b)(1), he remains obligated to pay the remainder of the
$350.00 district court filing fee.  Being granted leave entitles him
to pay the filing fee over time through payments automatically
deducted from his inmate trust fund account as authorized by 28

U.S.C. § 1915(b)(2).  Accordingly, plaintiff's motions to proceed without prepayment of fees (Docs. 2 & 6) are granted, and he is assessed the remainder of the filing fee.

## SCREENING OF SECOND AMENDED COMPLAINT

In its prior screening order, the court discussed the myriad claims raised in plaintiff's original and First Amended Complaints and set forth the reasons they failed to state a claim under § 1983.[1]  Plaintiff was given the opportunity to file a Second Amended Complaint that cured these deficiencies.  As Mr. Heath was advised, his Second Amended Complaint completely supercedes all previously-filed complaints.  Accordingly, his prior complaints are of no further effect and are no longer considered herein.

Because Mr. Heath is a prisoner, the court is required by statute to screen his Second Amended Complaint and to dismiss this complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant entitled to immunity.  28 U.S.C. § 1915A(a) and (b).  A pro se complaint is to be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  All well-pleaded allegations in the complaint are accepted as true.  Anderson v. Blake, 469 F.3d 910, 913 (10th Cir. 2006).  Nevertheless, the complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell

---

[1]     Plaintiff's original and First Amended Complaints were screened together because he obviously failed to realize that his amended complaint completely superceded his original complaint.

<u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(citation omitted).  To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level."  <u>Id.</u>

## FACT ALLEGATIONS AND CLAIMS

Plaintiff's Second Amended Complaint is again prolix with very few factual allegations.[2]  Plaintiff alleges that he was convicted of felony murder and sentenced to 15 years to life.  He also alleges that he was seen by the Kansas Parole Board (KPB) in 2010 and denied parole for an extended time based upon the "serious nature/circumstances" of his offense.  He repeatedly alleges that he

---

[2]   The following factual background is from the court's prior order:

Mr. Heath was convicted in 1996 of felony murder and child abuse, and was sentenced to consecutive terms of life imprisonment and 68 months.  In 1998, the Kansas Supreme Court (KSC) affirmed his conviction for first-degree murder but reversed his conviction for abuse of a child and vacated his sentence for that offense, holding it was multiplicious.

In October 2010 (Heath) became eligible for parole . . . but the KPB denied his application for parole.  Plaintiff exhibited a copy of the KPB's Notice of Action (NOA) dated April 4, 2011, which provided in pertinent part:

After considering all statutory factors, the decision of the Kansas Parole Board is: pass to October 2015.  Pass reasons: serious nature/circumstances of crime; violent nature of crime. objections.  Extended pass reasons: Inmate has been sentenced for a class A or B felony, or an off grid felony, and the Board makes a special finding that a subsequent parole hearing should be deferred for five (5) years, because it is not reasonable to expect that parole would be granted at a hearing if held before then for the following reasons: the amount of time served is insufficient based on the severity of the crime and will devalue the victim; the inmate's crime resulted in multiple victims and caused lasting impact on those victims; the inmate has not demonstrated behavioral insights necessary to decrease his risk to re-offend; the inmate's conduct during the commission of the crime manifested in excessive brutality of the victim; the victim was particularly vulnerable due to his age and relationship to the inmate.

Complaint/Memorandum (Doc. 1), Attach. 2.

is no public threat.

Plaintiff does not present each of his claims as a separate count followed only by those supporting facts and arguments relevant to that claim. Instead, he includes a couple arguments or claims in the section for naming defendants, a few more in the background section, some in the section for requesting relief, and several in a lengthy Memorandum attached to his complaint. In his Memorandum, he includes at least 21 different headings, yet never specifies more than the three counts in his form complaint. Many of his strewn-about arguments are conclusory and repetitive. Having carefully and liberally parsed plaintiff's Second Amended Complaint and attachments, the court finds that Mr. Heath raises the following main claims in his Second Amended Complaint: (1) he has a protected liberty interest in parole under state statutes and the Privileges or Immunities Clause of the 14th Amendment; (2) the reasons provided by the KPB in its Notice of Action (NOA) for denying plaintiff's parole application are too conclusory to provide sufficient notice and therefore violate federal due process; (3) the KPB violated Apprendi v. New Jersey, 530 U.S. 466 (2000) and its progeny in that it enhanced his sentence based upon the same aggravating facts as were used by the Kansas Legislature to set the punishment for his crime; and (4) the Kansas parole statute is unconstitutional because it violates the rule of Apprendi in that it authorizes the KPB to make findings of fact beyond those found by the jury and use them to increase an inmate's punishment.

**PLAINTIFF'S CLAIMS ARE HABEAS IN NATURE**

Plaintiff was notified before filing his Second Amended

Complaint that "his allegations appear to be in the nature of habeas corpus claims" and "[u]nless he can allege sufficient facts in a Second Amended Complaint to present a plausible claim for relief under . . . § 1983, this action will be construed . . . as one challenging the execution of his sentence under 28 U.S.C. § 2241." He does not acquiesce in treatment of this action as a § 2241 petition.  Instead, he has filed a separate § 2241 petition challenging the denial of his parole on some similar grounds, which is currently pending.  See Heath v. McKune, No. 11-3194-SAC.  In addition, he filed his Second Amended Complaint herein, which does little if anything to cure any deficiencies, but merely reargues some of his prior claims as well as raises a completely new main claim.  He does couch his claims in more general terms and no longer emphasizes his exemplary conduct in prison.

     As was fully explained in the screening order, when a state prisoner "seeks a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Reed v. McKune, 298 F.3d 946, 953 (10th Cir. 2002)(citing Preiser v. Rodriquez, 411 U.S. 475, 500 (1973)).  "This requirement is applicable to a challenge to a constitutional defect in an individual parole hearing where the remedy lies in providing a new parole hearing."  Id.; Hererra v. Harkins, 949 F.2d 1096, 1097 (10th Cir. 1991)(Where a prisoner challenges "a constitutional defect in an individual parole hearing, [and] where the remedy lies in providing a new parole hearing, [the] prisoner must file a habeas petition.").

     In his Second Amended Complaint, Mr. Heath again claims constitutional defects in his individual parole proceedings and

specifically requests an immediate, new parole hearing free of those defects. His main claims now rest on the premise that he was constitutionally entitled to release on parole at his parole eligibility date. Plaintiff's general assertions that the parole procedures now set forth in K.S.A. § 22-3717(g) and applied by the KPB are unconstitutional do not extinguish the habeas nature of his claims. He has added a terse request for an order requiring the KPB to comply with Federal Due Process and the Sixth Amendment principles announced in Apprendi and its progeny "in all future parole hearings for all." The court is not convinced, however, by this general request that this action properly proceeds under § 1983.

The court finds that Mr. Heath's claims are habeas in nature and therefore must be raised in a § 2241 habeas petition. The court further finds that plaintiff has failed to provide sufficient, additional facts or authority showing that his challenges to the KPB's denial of parole are properly litigated in this § 1983 action.[3]

---

[3]     Plaintiff adds nothing to counter the following holding and authority in the court's screening order:

[A] challenge to the denial of parole is an attack upon the execution of the inmate's sentence that must be litigated in a habeas corpus petition filed pursuant 28 U.S.C. § 2241. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002); U.S. v. Furman, 112 F.3d 435, 438 (10th Cir. 1997); cert. denied, 513 U.S. 1050 (1994); Johnson v. Kansas Parole Bd., 419 Fed.Appx. 867, 869 (10th Cir. 2011)(unpublished)(unpublished decisions are not cited herein as precedent, but only as persuasive authority)(citing Henderson v. Scott, 260 F.3d 1213, 1214 (10th Cir. 2001), cert. denied, 535 U.S. 1063 (2002)); Ellibee v. Feliciano, 374 Fed.Appx. 789, 791 (10th Cir. 2010)(unpublished)("[A] § 2241 habeas petition is appropriate where a prisoner seeks 'either immediate release from prison or the shortening of confinement'."); Reed, 298 F.3d at 953 (citing Preiser, 411 U.S. at 500)(State prison inmate who sought injunctive relief to compel parole board officials to release him on parole had to proceed via habeas corpus petition rather than § 1983.); see also Powell v. Ray, 301 F.3d 1200, 1201 (10th Cir. 2002), cert. denied, 538 U.S. 927 (2003).

**<u>PLAINTIFF FAILS TO DEMONSTRATE EXHAUSTION</u>**

Were the court to go ahead and construe this action as a § 2241 petition, it would be dismissed for failure to show exhaustion.  Mr. Heath was clearly advised that before raising habeas corpus claims in federal court, he must have exhausted all available state remedies.  28 U.S.C. § 2254; <u>Johnson</u>, 419 Fed.Appx. at 869-70 (citing <u>see</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 730-31 (1991)); <u>Ellibee</u>, 374 Fed.Appx. at 793 ("A § 2241 habeas petitioner is required to exhaust state remedies before bringing a federal action.")(citing <u>Montez v. McKinna</u>, 208 F.3d 862, 866 (10th Cir. 2000)); <u>Jacobs v. Cushinberry</u>, 44 Fed.Appx. 889, 890-91 (10th Cir. 2002)(unpublished).  He was directed to show that he had fully exhausted both administrative and judicial remedies on all his challenges to the parole decision in his case.  He was warned that if he failed to show exhaustion within the time allotted, this action could be dismissed.

Mr. Heath's allegation that he wrote a letter to the KPB requesting a new hearing does not demonstrate that he fully and properly exhausted all available administrative remedies.  He does not allege facts indicating that he timely followed the requisite steps to administratively appeal the decision of the KPB and that he raised all claims he now presents herein in that appeal.

Nor has plaintiff alleged facts indicating that he filed a state habeas petition in the appropriate state district court raising all claims presented herein that was denied, then through proper procedures appealed that denial to the state appellate

courts, and ultimately to the KSC.[4]  He shows only that he filed a
mandamus action directly in the KSC, and that this matter remains
pending.  The court concludes that Mr. Heath has failed to meet his
burden of showing that he properly exhausted all available state
remedies on all his claims before he filed this action in federal
court.  This action is dismissed on this basis.


**PLAINTIFF FAILS TO STATE A CLAIM UNDER § 1983**

To the extent that any of plaintiff's claims might be construed
as properly litigated in this civil rights action, such claims are
dismissed because plaintiff's allegations and arguments in his
Second Amended Complaint utterly fail to present a plausible federal
constitutional violation.

**Claim of Liberty Interest in Parole**

Plaintiff repeats his claims already rejected by this court,
that the KPB is required by K.S.A. §§ 75-5201 and 75-5210a "to
promptly return all citizens to private life consistent with public
safety" and that under these statutes he has an entitlement to
parole protected by due process.  He argues that labeling parole as
a privilege does not "pervert constitutional due process" and that
the "privilege of parole" in Kansas is protected by "the privileges
and immunity Clause of the Fourteenth Amendment mandated under KSA
75-5201, the Penal Reform Act."  He asserts that the Kansas Penal

---

[4]  Generally, the exhaustion prerequisite is not satisfied unless all
claims asserted have been presented by "invoking one complete round of the State's
established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838,
842,45 (1999)("A state prisoner must give the state courts an opportunity to act
on his claims before he presents those claims to a federal court in a habeas
petition.").  That means the claims must have been "properly presented" as federal
constitutional issues "to the highest state court."  See Dever v. Kansas State
Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).  The burden is on the habeas
petitioner to demonstrate that he has satisfied the exhaustion prerequisite.

Reform Act mandates an emphasis on rehabilitation of inmates, and that the KPB's focus has improperly turned from rehabilitation assessment to punishment. He repeats his contention that Gilmore is no longer "applicable."

None of petitioner's arguments overcomes the court's previous holding that any claim for relief flowing from his due process arguments has no legal merit. As the court previously explained, an inmate's due process rights are triggered only if he has been deprived of a protected liberty or property interest. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989). The United States Supreme Court has held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979); Swarthout v. Cooke, --- U.S. --- at ---, 131 S.Ct. 859, 178 L.Ed.2d 732 at *2 (2011)("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."). Therefore, an inmate does not have a liberty interest in parole that is created by the U.S. Constitution.

Plaintiff's argument that he has a liberty interest in rehabilitation and its culmination in the "privilege of parole" arising from his right as a U.S. citizen to the pursuit of happiness does not establish that parole is a "privilege of national citizenship" that is protected by either the Privileges or Immunities Clause or the Due Process Clause. The right to live and seek employment anywhere, which plaintiff asserts encompasses the right to parole, is obviously among those rights that are lawfully

curtailed during a term of imprisonment.

As the court previously discussed, a State may create a protected liberty interest by including mandatory language in its parole statutes, which limits the parole board's discretion or otherwise creates a presumption of release. Greenholtz, 442 U.S. at 8-11; see Malek v. Haun, 26 F.3d 1013, 1015 (10th Cir. 1994)(A state's parole statutes and regulations may create a liberty interest that is entitled to due-process protection.); Straley v. Utah Bd. of Pardons, 582 F.3d 1208, 1212 (10th Cir. 2009)("A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies."), cert. denied, 130 S.Ct. 1737, 176 L.Ed.2d 213 (2010).  The Kansas Supreme Court (KSC), however, has repeatedly "held that the Kansas parole statute does not create a liberty interest protected by the Due Process Clause of the Fourteenth Amendment." Ellibee, 374 Fed.Appx. at 791-92 (citing see Gilmore v. KPB, 243 Kan. 173, 756 P.2d 410, 415, cert. denied, 488 U.S. 930 (1988)("K.S.A. 1987 Supp. 22-3717 does not create a liberty interest in parole."); see also Board of Pardons v. Allen, 482 U.S. 369, 379 n. 10 (1987)("[S]tatutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest.").

As this court noted in its screening order, the language of amended K.S.A. § 22-3717(g), which expressly provides that "the Kansas parole board may release on parole those persons confined in institutions who are eligible for parole," still contains no mandatory language; and courts have held, subsequent to its amendment, that the relevant Kansas statutes create no liberty

interest in parole.  See citations in M&O (Doc. 5) at 17-18.  Nor does the language of either K.S.A. § 75-5201 or § 75-5210a limit the discretion of the KPB in any way or create a presumption of release. Plaintiff's self-serving interpretations of the Kansas parole statutes, as requiring an inmate's release on parole unless he presents a threat to public safety and as creating a liberty interest in rehabilitation as well as prompt release on parole, simply have no support in the statutory language or pertinent case law.  The Kansas courts continue to hold that "[p]arole itself is a matter of grace and amounts to a privilege rather than a right." Trumbly v. Roberts, 248 P.3d 784, *2 (Kan.App. 2011)(unpublished)(citing Gilmore, 243 Kan. at 180).  As the Tenth Circuit has reasoned:

> "[T]he Kansas statute merely empowers the Board to place one on parole when the Board, in the exercise of its discretion, believes that the interests of the prisoner and the community will be served by such action." (Citing Gilmore, 756 P.2d at 414).

Trumbly v. KPB, 8 Fed.Appx. 857, 859 (10th Cir. 2001)(unpublished). And, the KSC's interpretation of its own statutes is binding on the federal court "absent some conflict with federal law or overriding federal interest."  Sac & Fox Nation v. Pierce, 213 F.3d 566, 577 (10th Cir. 2000); Trumbly, 8 Fed.Appx. at 859.  In short, "[b]ecause parole is discretionary in Kansas, (Mr. Heath) cannot invoke the procedural guarantees of the Due Process Clause."  Ellibee, 374 at 792 (citing see Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983)).

The Tenth Circuit has also plainly held that "unless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness."  Jones v. Hannigan, 1 Fed.Appx. 856, 859

(10th Cir. 2001)(unpublished)(quoting <u>O'Kelley v. Snow</u>, 53 F.3d 319, 321 (11th Cir. 1995)); <u>Shirley v. Chestnut</u>, 603 F.2d 805, 807 (10th Cir. 1979)).  The Circuit has reasoned:

> As the Kansas Court of Appeals noted, "[t]here being no liberty interest in parole, it cannot be argued that the denial of parole, whenever it is done or under whatever statute involved, disadvantages a prisoner."

<u>Trumbly</u>, 8 Fed.Appx. at 859.  Thus, even assuming Mr. Heath could prove that he was denied certain process during his state parole proceedings, he would be entitled to no relief in federal court because there was no federal right at stake.  <u>See</u> <u>Swarthout</u>, 131 S.Ct. at 862-63.  The court concludes that plaintiff's assertion of being denied federal due process in his Kansas parole proceedings presents no cognizable claim for relief in federal court.  <u>See</u> <u>Greenholtz</u>, 442 U.S. at 7; <u>Crump v. Kansas</u>, 143 F.Supp.2d 1256, 1262 (D.Kan. 2001).

### Claim that NOA Violated Due Process

As noted in the screening order, the KPB ordered a five-year pass in plaintiff's case, finding that the amount of time served was insufficient based upon the severity of the crime and would devalue the victim; the inmate's crime resulted in lasting impact upon multiple victims; the inmate had not demonstrated behavioral insights necessary to decrease his risk to re-offend; the inmate's conduct during the commission of the crime manifested in excessive brutality of the victim; and the victim was particularly vulnerable due to his age and relationship to the inmate.

Plaintiff repeats his argument that the reasons provided by the KPB in its NOA for denying his parole application were too conclusory to provide adequate notice or opportunity to respond.  He

again complains that the KPB impermissibly relied upon the facts of his commitment offense including its serious nature and violent circumstances; secret objections to his release, which he was not allowed to refute; and extends his argument that the KPB's reasons "mirror" those utilized in setting criminal penalties. He asserts that "the parole board should be required to articulate specific facts and that said facts should relate not just to the crime which he committed but his present attitude and condition, specifically as it relates to rehabilitation" as "mandated under K.S.A. 75-5201 et seq." These assertions amount to due process claims that also fail under the preceding analysis.

Most of these challenges to the NOA were discussed and found to have no merit in the court's prior screening order. The court reiterates that the applicable statutory language authorized KPB members to consider a wide range of information in deciding parole applications. Challenges to the types of information relied upon by the KPB in this case have been soundly rejected by the courts. For example, the Kansas Supreme Court has held that:

> the nature of the crime is a consideration to be taken into account and thus can be cited as a reason for denial of parole . . . . The acts of one person in committing an offense may be quite different and much less or much more shocking and heinous than the acts of another person in committing the same statutorily defined offense. Gilmore v. Kansas Parole Board, 243 Kan. 173, 177, 756 P.2d 410 (1988), cert. denied 488 U.S. 930 . . . (1988).

Torrence v. Kansas Parole Board, 21 Kan.App.2d 457, 458-59, 904 P.2d 581 (1995). In Torrence, the board had denied parole for reasons that included the "the serious nature and circumstances of the crime (aggravated crime)," and "the fact that there were civilian objections to him being granted parole." Id. at 458. These reasons

13

were held to be consistent with those approved by the KSC in
Gilmore, and to comply with K.S.A. 1993 Supp. § 22-3717. Id. at
459. Likewise, a parole board's finding that the time served would
detract from the seriousness of the offense has expressly been
upheld. Denying parole because of "Aggravating Factors/Inadequate
Time Served (Circumstances of the Offense; Needs More Time)," is not
arbitrary or capricious and is not an abuse of discretion, but is
instead "a sufficient and proper reason" to deny parole. Schuemann
v. Colorado State Bd. Of Adult Parole, 624 F.2d 172, 174 (10th Cir.
1980). Moreover, "a parole board's designation of 'objections' as
a pass reason for the defendant's parole" was held to be
"sufficiently specific," and "the parole board was not required to
identify who objected to the defendant's parole and the specific
reasons behind the objections." Smith v. Feliciano, 231 P.3d 588,
2010 WL 2245994 (Kan.App. 2010)(unpublished).

As the court found in its screening order, the circumstances of
the offense as well as comments of the victim's family and the
public are expressly listed as factors to be considered at a Kansas
parole hearing. See Branson v. McKune, 27 Kan.App.2d 301, 305-06,
3 P.3d 572 (Kan.App. 2000). The KPB plainly considered and relied
upon the statutory factors and informed Heath of its reasons for
denying parole. Where a state parole board gives valid reasons for
a parole decision, a federal court does not assume the board relied
on invalid factors. See Fay v. Chester, 413 Fed.Appx. 23, 28 (10th
Cir. 2011)(unpublished)(citations omitted). Moreover, "Where the
denial of parole rests on one constitutionally valid ground, the
Board's consideration of an allegedly invalid ground would not
violate a constitutional right." Wildermuth v. Furlong, 147 F.3d

1234, 1236 (10th Cir. 1998).

Furthermore, the fact that a parole board's reasons are not explained in any great detail does not render them insufficient. The Kansas courts have "approved the use of standardized language" in providing notice of the reasons for denial of parole. Armstrong v. Kansas Parole Bd., 238 P.3d 331, *2 (Kan.App. Sept. 10, 2010, unpublished), review denied (Kan. Nov. 8, 2010).  It is well-recognized that a decision whether to release a prisoner on parole is complex, and involves a "discretionary assessment" of a "multiplicity of imponderables." Greenholtz, 442 U.S. at 10.  "It would be discordant to require unduly specific and detailed reasons from a Board vested with a subjective, predictive, and experimental function." Schuemann, 624 F.2d at 174.  The reasons give by the KPB were credible and are sufficient under Kansas law. See Torrence, 21 Kan.App.2d at 458-59 (Parole Board's use of statutory language as reasons for denying parole was sufficient compliance with statute which required notification to the inmate in writing of specific reasons for not granting parole).

Even where a State is found to have created a liberty interest, the Constitution requires nothing more, when parole is denied, than the inmate being given an opportunity to speak at a hearing and informed "in what respects he falls short of qualifying for parole." Greenholtz, 442 U.S. at 16. Finally, the court notes in response to plaintiff's arguments that neither the U.S. Constitution nor controlling case law barred the KPB from relying upon the circumstances of his offense or required it to clearly instruct him as to how his future conduct could secure a grant of parole.  The court concludes that plaintiff has alleged no additional facts in

his Second Amended Complaint showing either that the KPB violated
any federal constitutional right by relying upon the information and
findings in its NOA or that his challenges to the NOA should not be
dismissed for reasons already stated.

**Claims that K.S.A. 22-3717(g) and the KPB Decision Violated
Apprendi**

Plaintiff's new, main constitutional claims are that the KPB in
making its determination that he is unsuitable for parole, as
authorized by K.S.A. 22-3717(g), engaged in fact-finding and
increased his sentence in violation his Sixth Amendment right to a
jury trial and the rule in Apprendi v. New Jersey, 530 U.S. 466, 490
(2000). In Apprendi, the Supreme Court established the rule that
"[o]ther than the fact of a prior conviction, any fact that
increases the penalty for a crime beyond the prescribed statutory
maximum must be submitted to a jury, and proved beyond a reasonable
doubt." Id. at 490.

This claim is based upon at least two faulty premises. First,
plaintiff incorrectly assumes that the rule of Apprendi applies to
fact-finding in parole proceedings. The Apprendi rule is explicitly
based on the Sixth Amendment's jury trial guarantee and the
requirement of proof beyond a reasonable doubt contained in the Due
Process Clause. See id. at 476–77; Cunningham v. California, 549
U.S. 270, 281 (2007); Blakely v. Washington, 542 U.S. 296, 305–06
(2004). The rule was applied in Apprendi and its progeny in the
context of sentencing after a criminal conviction. The Supreme
Court has expressly recognized that "[p]arole arises after the end
of the criminal prosecution, including imposition of sentence."

Morrissey v. Brewer, 408 U.S. 471, 480 (1972).  There is no right under the Sixth Amendment to have facts determined in connection with a parole violation found by a jury.  See Unites States v. Carlton, 442 F.3d 802, 807-10 (2nd Cir. 2006)(no right to jury trial for revocation of supervised release); United States v. Hinson, 429 F.3d 114, 118 (5th Cir. 2005)(same), cert. denied, 547 U.S. 1083 (2006); United States v. Work, 409 F.3d 484, 491 (1st Cir. 2005)("The law is clear that once the original sentence has been imposed in a criminal case, further proceedings with respect to that sentence are not subject to Sixth Amendment protections."); see also Clifford v. Kane, 2007 WL 1031148, *7 (N.D.Cal. April 3, 2007, unpublished)("No case in the Apprendi line has considered the requirements for parole determinations" and therefore the "proposed application of Apprendi and its progeny to parole hearings is not 'clearly established Federal law, as determined by the Supreme Court of the United States'" and thus cannot be the basis for habeas relief.)(citation omitted).  The court has no difficulty concluding that plaintiff was not constitutionally entitled at his parole suitability hearing to a jury trial or to proof of facts beyond a reasonable doubt.  Accordingly, Mr. Heath's claims that the rule of Apprendi applied to and was violated in those proceedings is found to have no merit.  See United States v. Knights, 534 U.S. 112, 120 (2001)(right to jury trial and proof beyond a reasonable doubt inapplicable in probation revocation proceedings); United States v. Huerta-Pimentel, 445 F.3d 1220, 1225 (9th Cir.), cert. denied, 549 U.S. 1014 (2006)("Nor does a judge's finding, by a preponderance of the evidence, that defendant violated the conditions of supervised release raise Sixth Amendment concerns.  There is no right to jury

trial in such post-conviction determinations."); <u>Rush v. Kane</u>, 2007 WL 4166032, *7 (N.D.Cal. Nov.19, 2007,unpublished)(no Supreme Court law clearly establishes applicability of <u>Apprendi</u> and its progeny to parole suitability determinations).

Plaintiff's second faulty premise is that the decision of the KPB increased his sentence.  Application of the Kansas parole statutes to Mr. Heath did "not increase[] his punishment for he possesses no vested right in a particular parole date or parole hearing eligibility date."  <u>See</u> <u>Chambers v. Colorado Dept. Of Corrections</u>, 205 F.3d 1237, 1242 (10th Cir.), <u>cert.</u> <u>denied</u>, 531 U.S. 962 (2000); <u>see</u> <u>also</u> <u>Woo v. Powers</u>, 2008 WL 4361246, *11, n. 12 (C.D.Cal. Sept. 15, 2008, unpublished)("Petitioner was sentenced to an indeterminate term of fifteen years to life with the possibility, not the guarantee of parole.  Accordingly, the denial of parole does not impose an additional or more onerous punishment for his commitment offense" and "is not a punishment in addition to that which he faced when he was convicted in judicial proceedings."). The fact that Mr. Heath's sentence was not increased is another reason that the <u>Apprendi</u> line of cases is inapplicable here.

Furthermore, because the Board did not use any fact to lengthen Mr. Heath's sentence beyond his statutory maximum, the <u>Apprendi</u> rule would not be violated even if it were found to apply.  <u>See</u> <u>Duesler v. Woodford</u>, 269 Fed.Appx. 670, 671 (9th Cir. 2008)(unpublished) (Board's denial of parole did not violate <u>Apprendi</u> or <u>Blakely</u> "because the Board did not increase [the petitioner's] sentence beyond the statutory maximum of life imprisonment for his crime of

second degree murder").[5]  The sentencing court in this case imposed a term of fifteen years to life, not a determinant sentence of fifteen years.  Thus, petitioner's maximum sentence is life in prison, and the jury verdict expressly authorized his imprisonment for as long as life.  The KPB's denial of his parole did not impose a term beyond his 15 years to life sentence.  Logically then, whatever fact-finding the KPB engaged cannot be said to have resulted in a sentence beyond what the jury's verdict would allow.

Plaintiff also assumes without legal basis that he had an entitlement to a grant of parole at his first parole eligibility hearing.  It is plain and long-settled that a Kansas inmate has no such entitlement, since he has no right to release at any time prior to the service of his full sentence.  See Chambers, 205 F.3d at 1242 (Inmate possessed "no vested right in a particular parole date or parole hearing eligibility date.").  Mr. Heath "conflates eligibility to be considered for parole and the concomitant right to a parole (eligibility) hearing with the right to be released on parole."  See Epperson v. Gammon, 2008 WL 4203722, *3 (E.D. Mo. 2008)(unpublished).  A parole board's decision to deny parole "does not constitute an additional punishment for the same offense," does not change the length of a prisoner's sentence," and does not increase the penalty for the offense of conviction.  See Carroll v. Simmons, 89 Fed.Appx. 658, 663 (10th Cir. 2004)(unpublished)(citing Mahn v. Gunter, 978 F.2d 599, 602 n. 7 (10th Cir. 1992); Kell v. U.S.

_____

[5]     The Sixth Amendment gives a criminal defendant the right to have a jury find any fact that increases the maximum sentence, not the minimum sentence. See McMillan v. Pennsylvania, 477 U.S. 79 (1986).  Though McMillan was decided before the Apprendi line of cases, this aspect of "Sixth Amendment jurisprudence" remains intact.  See Harris v. United States, 536 U.S. 545, 568 (2002)(rejecting effort to overrule McMillan in the aftermath of Apprendi).

Parole Comm'n, 26 F.3d 1016, 1020 (10th Cir. 1994)("Parole determinations are not viewed as criminal punishment subject to the Double Jeopardy Clause.")).

## OTHER CLAIMS

In his Second Amended Complaint and attached Memorandum, plaintiff repeats several arguments without designating them as separate counts that were already rejected in the court's prior screening order, including violation of the ex post facto clause, denial of equal protection, that K.S.A. § 22-3717 is a "Bill of Pains and Penalties,"[6] and that the Kansas "Penal Reform Act" created a "social contract" protected by due process. Mr. Heath does not adequately address the deficiencies already found in these arguments. Instead, he simply disagrees with the court's holdings and repeats his arguments. Plaintiff's bald legal theories need not be accepted as true because they are not allegations of fact.[7] The

---

[6] Plaintiff's repeated claims that K.S.A. § 22-3717 is a "Bill of Pains and Penalties," and ex post facto remain conclusory and unconvincing. They appear to be based upon Article I, section 10 of the U.S. Constitution, which provides that "[n]o State shall . . . pass any Bill of Attainder [or] ex post facto Law. . . ." U.S. Const., art. I, § 10, cl. 1. "In its most basic application, the clause precludes Congress and the states from enacting laws that criminalize an act already performed." Schroeder v. Tilton, 493 F.3d 1083, 1087 (9th Cir. 2007); see also Serrato v. Clark, 486 F.3d 560, 571 (9th Cir. 2007)(retroactive alteration of parole provisions also implicate the clause). "A law is an unconstitutional bill of attainder if it 'legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.'" United States v. Lujan, 504 F.3d 1003, 1006 (9th Cir. 2007)(quoting Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 468 (1977)). Here, the KPB did not determine plaintiff's guilt or inflict punishment at his parole suitability hearing. The issues of plaintiff's guilt and punishment were determined after a judicial trial in state court. Accordingly, the bill of attainder clause is simply inapplicable to petitioner's parole suitability hearing.

[7] Many of plaintiff's legal theories are not supported by sufficient factual allegations. The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." Bell, 550 U.S. at 555. No "heightened fact pleading" is required under this standard, "but only enough facts to state a claim to relief that is plausible on its face." Id. at 570. In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's "well-pleaded facts" but not "conclusory allegations" to be true.

court concludes that plaintiff has failed to provide convincing argument or legal authority to show that these claims should not be dismissed.

Finally, the court again notes that a violation of state law does not give rise to a federal cause of action under § 1983. Malek, 26 F.3d at 1016.  Thus, any assertion by plaintiff that a state statute was violated presents no claim under § 1983.


**DEFENDANTS ARE IMMUNE TO SUIT**

The only defendants named in the caption of plaintiff's Second Amended Complaint are the State of Kansas and the Kansas Parole Board (KPB).  Rule 10 Of the Federal Rules of Civil Procedure requires that the caption "must name all parties."   However, plaintiff elsewhere also clearly names Robert Sanders, Patricia Biggs and Tom Sawyer, KPB Members, as additional defendants; and they have been docketed as named defendants.  Plaintiff initially states that he seeks declaratory and injunctive relief only, but in his actual request for relief he again inserts a claim for damages. He was informed in the screening order that his damages claims must be dismissed based upon immunity, and because these claims are premature and barred by the principles in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and its progeny.  See Reed, 298 F.3d at 953-54 (citing see also Edwards v. Balisock, 520 U.S. 641, 648 (1997); Jacobs, 44 Fed.Appx. at 890-91 ("The defects challenged by

---

McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001).  A pro se plaintiff's complaint must be broadly construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court reviewing the sufficiency of a complaint is not to "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  Whitney v. State of N.M., 113 F.3d 1170, 1173-74 (10th Cir. 1997).

(petitioner) necessarily imply the invalidity of the parole decision; consequently, before he may obtain monetary damages stemming from that decision, (he) must demonstrate that the decision has previously been invalidated.")(citing see Edwards, 520 U.S. at 646, 648)); Schafer v. Moore, 46 F.3d 43, 44-45 (8th Cir. 1995)(Heck applies to § 1983 actions challenging denial of parole).  Mr. Heath still alleges no facts demonstrating that the decision on his parole application has already been invalidated.  His damages claims are therefore dismissed as not cognizable under § 1983.[8]

**ACTION IS DISMISSED**

For all the foregoing reasons, the court concludes that this action must be dismissed without prejudice on account of plaintiff's failure to exhaust his habeas claims and his failure to allege sufficient additional facts to show that any of his claims are viable under 42 U.S.C. § 1983.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motions to Proceed Without Prepayment of Fees (Docs. 2, 6) are granted.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied, without prejudice.

**IT IS FURTHER ORDERED** that Mr. Heath is assessed the remainder of the filing fee herein to be paid through payments automatically deducted from his inmate account.

The clerk is directed to send a copy of this order to the

---

[8]     The Heck bar has been applied to claims for declaratory relief as well.  See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)("a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); Edwards, 520 U.S. at 648.

finance officer at the institution in which plaintiff is currently confined and to the court's finance office. Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**IT IS SO ORDERED.**

Dated this 28th day of December, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

23